**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7                         IN THE UNITED STATES DISTRICT COURT
8
9                      FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
11    ATOA ATUALEVAO,                            No. C 15-0394 WHA (PR)

12               Plaintiff,                      **ORDER OF DISMISSAL**

13      v.

14    DIANA A. BELLAS; RENE C.                   (Dkt. 2, 8, 9)
      DAVIDSON,
15
16               Defendants.
                                   /
17
                                    **INTRODUCTION**
18
19          This is a pro se civil rights complaint under 42 U.S.C. 1983 filed by a civil detainee

20    under California's Sexually Violent Predator Act ("SVPA").  He claims that defendants, two

21    supervisors in the Alameda County Public Defender's Office, were ineffective in representing

22    him throughout his commitment proceedings.  For the reasons discussed below, the complaint is

23    **DISMISSED** without prejudice.

                                    **DISCUSSION**
24
      **A.    STANDARD OF REVIEW**
25
26          Federal courts must engage in a preliminary screening of cases in which prisoners seek

27    redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

28    1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims

**United States District Court**

For the Northern District of California

1   which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

2   monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2).

3         Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

4   claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the

5   statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds

6   upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).

7   Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a

8   plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than

9   labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

10  do. . . .   Factual allegations must be enough to raise a right to relief above the speculative

11  level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A

12  complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.*

13  at 1974.  Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901

14  F.2d 696, 699 (9th Cir. 1990).

15        To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements:

16  (1) that a right secured by the Constitution or laws of the United States was violated, and (2)

17  that the violation was committed by a person acting under the color of state law. *West v. Atkins*,

18  487 U.S. 42, 48 (1988).

19  **B.   LEGAL CLAIMS**

20        Plaintiff claims defendants, supervisors at the Alameda County Public Defender's

21  Office, failed to adequately supervise and train their subordinates.  According to plaintiff, this

22  led to his receiving ineffective assistance of counsel in his civil commitment proceedings,

23  which in turn led to his civil commitment.  He claims that his civil commitment violates his

24  procedural and substantive due process rights and his right to equal protection because he

25  should receive outpatient treatment instead of civil commitment.  He seeks ten million dollars in

26  damages and a declaratory judgment.

27        Plaintiff's claims for monetary damages are not allowed.  The United States Supreme

28  Court has held that to recover damages for an allegedly unconstitutional confinement, or for

**United States District Court**
For the Northern District of California

1    other harm caused by actions whose unlawfulness would render the confinement invalid, a

2    plaintiff must prove that the judgment has been reversed on direct appeal, expunged by

3    executive order, declared invalid by a state tribunal authorized to make such determination, or

4    called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*,

5    114 S. Ct. 2364, 2372 (1994). The rationale of *Heck* applies to detainees under an involuntary

6    civil commitment scheme such as California's Sexually Violent Predator's Act ("SVPA") with

7    access to habeas relief. *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1140 (9th Cir. 2005). Such

8    a detainee's claim for damages and/or declaratory relief must be dismissed without prejudice

9    under the rationale of *Heck* if success on the claim would necessarily imply the invalidity of the

10   detainee's civil commitment. *See id.* at 1140-41, 1142. If plaintiff were successful here on his

11   claims that his civil commitment violates his rights to due process and equal protection, that

12   would necessarily imply the invalidity of his commitment. Accordingly, plaintiff's claims for

13   monetary damages are dismissed without prejudice until and unless his civil commitment is

14   overturned or otherwise called into question. *See generally Alvarez-Machain v. United States*,

15   107 F.3d 696, 700-01 (9th Cir. 1997).

16         Plaintiff's claims for declaratory relief must also be dismissed without prejudice.

17   Claims challenging the validity of a civil commitment must be brought in a petition for a writ of

18   habeas corpus, not a civil rights case. *See, e.g., Carty v. Nelson*, 426 F.3d 1064, 1072-73 (9th

19   Cir. 2005), *amended*, 431 F.3d 1185 (9th Cir. 2005); *Hubbart v. Knapp*, 379 F.3d 773, 781 (9th

20   Cir. 2004) (SVPA does not violate due process); *Nelson v. Sandritter*, 351 F.2d 284, 285 (9th

21   Cir. 1965). Accordingly, plaintiff's declaratory relief claims are dismissed without prejudice to

22   bring them in a petition for a writ of habeas corpus in federal court after he has exhausted his

23   state court remedies.

24                                   **CONCLUSION**

25         For the reasons set out above, this action is **DISMISSED** without prejudice. Because the

26   deficiencies are not cured by the proposed amended complaint — which names different

27   supervisory public defenders as defendants but otherwise suffers from the same problems

28   described above — nor could they be cured by amendment, the motion for leave to amend (dkt.

3

9) is **DENIED**.  The motion for access to the court (dkt. 8) in order to serve the defendants is

**DENIED** as moot in light of the dismissal of his claims.  Leave to proceed in forma pauperis

(dkt. 2) is **GRANTED**.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: March ___27___, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

**United States District Court**

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4